USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
   SIGNIFY HOLDING B.V.,                            :

                                    Plaintiff,   :
             -against-                  :          1:23-cv-9649-GHW

   FOHSE INC.,                                  :          <u>ORDER</u>

                                 Defendant.   :
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

      On March 28, 2024 the parties filed a motion to seal their settlement agreement, which was submitted in connection with the parties' request for the Court to enter judgment pursuant to Fed. R. Civ. P. 68 ("Rule 68").  Dkt. No. 29.  The parties seek to redact bank account information and the settlement's payment schedule.

      "There is a common law presumption in favor of permitting public access to judicial documents, which are those documents 'relevant to the performance of the judicial function and useful in the judicial process.'"  *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp 2d 630, 649 (S.D.N.Y. 2011) (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)).  Applications to seal documents must therefore be "carefully and skeptically review[ed] . . . to [e]nsure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection.  *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994).

      A court balances this common law presumption of access against competing considerations, including "the privacy interests of those resisting disclosure."  *Lugosch*, 435 F.3d at 120 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)).  In *Mirlis v. Greer*, the Second Circuit summarized the three steps that the Court must follow to determine whether the presumption of public access attaches to a particular document and bars disclosure.  *See* 952 F.3d 51, 59 (2d Cir.

2020). First, the Court determines whether the document is a "judicial document," namely, "one that has been placed before the court by the parties and that is relevant to the performance of the judicial function and useful in the judicial process." *Id.* (quotation omitted). Second, if the materials are "judicial documents," the Court "proceeds to 'determine the weight of the presumption of access' to that document." *Id.* (quoting *United States v. Erie Cnty.*, 763 F.3d 235, 239, 241 (2d Cir. 2014)). "The weight to be accorded is 'governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *Amodeo*, 71 F.3d at 1049). "Finally, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*

Having evaluated these factors, the motion to seal is granted in part and denied in part. As an initial matter, the parties' settlement agreement is a judicial document because it was filed in connection with the parties' request for entry of judgment pursuant to Rule 68. The Court's analysis of the second and third *Mirlis* factors differs with respect to the banking information and the payment schedule. With respect to the bank account information, the weight of the presumption of public access is low. The banking information is not a substantive term of the settlement agreement and does not affect the Court's determination of whether to enter judgment. In addition, privacy concerns legitimately counsel against disclosure of the parties' banking information. Fed. R. Civ. P. 5.2(a)(4) ("Rule 5.2") explicitly permits redaction all but the last four digits of a bank account number. *See* Rule 5.2; *see also*, *Mark v. Gawker Media LLC*, 2015 WL 7288641, at *1 (S.D.N.Y., 2015) (granting a request to seal banking information) ("The Federal Rules of Civil Procedure recognize the importance of maintaining confidentiality with respect to certain financial information."). Accordingly, the parties' request to redact the bank account information is granted.

With respect to the payment schedule, the weight of the presumption of public access is higher. The payment schedule included in the settlement agreement is incorporated by reference

into the proposed judgment. *See* Dkt. No. 31 ("DECREED that Plaintiff recover from Defendant the sum of $1,400,000 . . . per the parties' settlement agreement . . . ."). As a result, the payment schedule must be discernible for the judgment to be enforced. In addition, the parties have not identified any factors that legitimately counsel against disclosure of the payment schedule information. The parties argue that both the banking information and payment schedule "may provide valuable insights into a company's current business practices that a competitor would seek to exploit." Dkt. No. 29 at 2 (citing *Encycl. Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998). But because it is not clear to the Court, and the parties have not explained, how the payment schedule for the settlement would provide "valuable insights" into the parties' business practices, the Court finds this argument unpersuasive. *Id.* Accordingly, the request to redact the payment schedule is denied.

The parties are ordered to file another public version of the settlement agreement no later than April 11, 2024. The parties may redact bank account information from this version to the extent allowed by Rule 5.2 but must not redact the payment schedule.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 29.

SO ORDERED.

Dated: April 9, 2024  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge